IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

FILED BY _____ D.C.

05 MAY -2 PM 2:09

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W/D OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CRIM. NO.: 02-20165 |
| ) | |
| AL MOSS, et al., ) | |
| ) | |
| Defendants | |

### ORDER ON DISCOVERY

This matter was before the Court on April 15, 2005, for a status report at the request of the defendants. Upon the entirety of the record and the statements of counsel, the Court finds the following:

(1) In July of 1996, the FBI obtained and brought to the United States certain electronic and other items seized from the business and warehouses of the defendants in Barbados, West Indies.

(2) The indictment in this matter was unsealed in December of 2002. Immediately after their initial appearance, the defendants, through counsel, promptly filed requests for discovery with the government. The defendants have continued to request the production of discovery throughout these proceedings.

(3) The earliest discovery request was made in December of 2002, and as of April 15, 2005, the record reflects that the defendants, over the course of two years, have made twenty (20) specific requests for discovery from the government, to include copies of all electronic material seized or obtained by the government from Barbados, Australia, and elsewhere. [Docket No. 425

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-2-05



at Exhibits A & B; Docket No. 486 at Exhibit A].[1]

(4)     The government's responsive letters have generally denied most of the specific requests for discovery, yet the government stated that there are numerous boxes of documents in the office of the FBI in Memphis that might be introduced by the government at trial and are available for review and copying by the defense. The record reflects that there are approximately 200 boxes of discoverable documents related to this case, and that to date the defendants have copied, at their expense, approximately 40 of the boxes.

(5)     The initial discovery responses of the government in January and March of 2003 do not mention the electronic or other materials seized in Barbados and brought back to the United States. The record reflects that the government did send a responsive letter on April 14, 2003, to a discovery request for evidence seized from Barbados, and the letter states that Barbadian law enforcement agents were assisted by FBI agents in the 1996 search. However, the responsive letter does not mention the voluminous electronic materials and copies of documents brought back to the United States in 1996 by the FBI from Barbados.

(6)     At a status conference on July 29, 2004, the Court orally instructed the parties to resume discovery, and specifically suggested that the discovery process was to be conducted in a manner that facilitated the most expeditious use of resources in getting the case prepared for trial.

(7)     In August and September of 2004, defense counsel reiterated prior requests for discovery, including the request for a copy of any electronic materials seized and brought back to the United States from Barbados. The government's response to these requests was, once again, that

---

[1] These pleadings contain the discovery correspondence between the defense and the government from December of 2002 to April 15, 2005.

2

the defendants could review the over 200 boxes at the office of the FBI in Memphis.

(8) On November 5, 2004, the defendants filed a joint motion and memorandum to compel discovery, and attached for the Court's review the specific discovery requests and responses from the government as of that date. [Docket Nos. 424, 425].

(9) On November 8, 2004, this Court referred the defendants' discovery motion to the Hon. United States Magistrate Tu M. Pham. [Docket No. 428]. The government filed a very brief response to the Motion to Compel on November 18, 2004. [Docket No. 432]. On December 6, 2004, Magistrate Pham entered an Order that the government provide a more specific objection to each of the defendants' requests in the motion to compel. [Docket No. 438].

(10) The government filed its response on December 17, 2004, and generally denied the defendants' specific requests for discovery, but did acknowledge the existence of electronic materials and indicated that those items were presently being duplicated. However, the government's response did not provide from where the electronic materials came, the volume of the materials, or when the defendants might receive a copy or make arrangements to copy the electronic materials. [Docket No. 447].

(11) On January 19, 2005, the defendants filed a joint reply to the government's response to the defendants' motion to compel discovery, in which the defendants detailed to the Magistrate the history of the case, the issues of the defendants concerning discovery, and asserted that the government's supplemental response to the motion to compel still did not adequately address the specific discovery requests. [Docket No. 455].

(12) The record reflects that on February 28, 2005, at a hearing concerning pre-trial seizure of funds, FBI Special Agent Pamela Vanderberg, the case agent in this matter, disclosed that there

3

was one box among the some 200 boxes that contained electronic and other materials obtained by the FBI during the 1996 search in Barbados. The box had never previously been disclosed or made available to the defense.

(13) The record reflects that after learning in February 2005 of the existence of this box of electronic and other materials seized from Barbados in 1996, the defense made a further request for copies of these materials. The record further reflects that the government forwarded a letter to defense counsel on April 4, 2005, stating that a third party contractor was available to copy some of the electronic materials obtained from Barbados for the defendants at their expense.

(14) The government orally informed the Court at the April 15, 2005 status conference that it was providing copies of some electronic materials from Barbados to the defendants at the conclusion of the status conference, and that it was in the process of ascertaining what additional electronic materials were in its possession and would make a process available for providing copies of those materials to the defendants.

(15) At the status conference of April 15, 2005, the defendants raised several issues concerning electronic and other discovery that have still not been provided to the defense over two years after initial discovery requests have been made, and voiced concerns that the copies of electronic materials that would be provided at the conclusion of the April 15, 2005 status conference and the electronic materials referenced in the government's April 4 letter did not encompass the entirety of the electronic materials.

(16) Given the entirety of the record before the Court, the Court determines that, despite the defendants' requests, there remains outstanding discovery, including electronic materials, to which the defendants are entitled. It has been asserted by the defendants that these electronic

materials are voluminous, that they consist of more material than what is in the approximately 200 boxes of documents previously made available to the defendants, and that the defendants might not have an adequate opportunity to review these additional materials, once they are produced by the government, in time to prepare for what is anticipated to be a several week trial in this case scheduled to commence on September 6, 2005.

(17) At the conclusion of the status conference of April 15, 2005, and after the Court had heard from counsel for the defendants and counsel for the government on these issues, the Court orally directed the prosecution to provide all requested discovery to the defendants within thirty (30) days, and for the government to show cause within ten (10) days as to why it cannot produce the requested discovery within thirty (30) days or any reason why the government feels that compliance will be problematic. [Docket No. 491, Minute Entry; Transcript of April 15, 2005 hearing].

In accordance with these findings, and in accordance with the directives of the Court to the government announced orally at the status conference in this matter on April 15, 2005, it is hereby ORDERED that the government, on or before thirty (30) days from April 15, 2005, shall provide to the defendants all requested discovery. The government has ten (10) days from April 15, 2005, to show cause as to why it cannot produce all items requested by the defendants in the time called for in this Order.

ENTER this the 29 day of April, 2005, nunc pro tunc to April 15, 2005.

HON. BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

5

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 496 in case 2:02-CR-20165 was distributed by fax, mail, or direct printing on May 2, 2005 to the parties listed.

---

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Robert G. Chadwell
MCKAY CHADWELL PLLC
600 University St.
Ste. 1601
Seattle, WA 98101

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

David E. Wilson
MCKAY CHADWELL, PLLC
600 University
Ste 1601
Seattle, WA 98101

Honorable Bernice Donald
US DISTRICT COURT