FILED BY _____ D.C.

05 MAY -5  PM 2: 53

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
vs.                            )       Cr. No. 02-20165 DP
                               )
ALVIN IRWIN MOSS, et al.,      )
                               )
          Defendants.          )
                               )

---

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO COMPEL

---

Before the court is the defendants' Motion to Compel Discovery, filed on November 5, 2004 (dkt #424). The government responded on November 18, but did so in summary fashion. In an order entered on December 16, 2004, the court directed the government to respond to the defendants' motion with greater specificity. On December 17, 2004, the government complied with the court's order and filed its supplemental response. On January 19, 2005, the defendants filed a reply.

The motion was referred to the Magistrate Judge for determination.[1] For the reasons below, the motion is GRANTED in

---

[1]On April 15, 2005, the parties appeared before the District Judge to discuss the status of the case, including the status of

-1-

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 5-6-05



part and DENIED in part.

## I.  BACKGROUND

The factual background of this case can be found in the court's Order Granting Defendant's Motions to Dismiss the Indictment (dkt #247) and Order Denying Defendants' Motions to Dismiss the Indictment and Granting Defendants' Request for a Hearing (dkt #458).  In summary, this case arises from an investigation conducted by the Federal Bureau of Investigation ("FBI") of the defendants and their connection to an entity known as IDM (which was located in Bridgetown, Barbados, West Indies) and their involvement with an international lottery operation.  As part of its investigation, the government, through the Office of International Affairs of the United States Department of Justice

_____

certain ongoing discovery disputes.  Subsequent to that status conference, and at the direction of the District Judge, defense counsel Robert Ritchie drafted a proposed "Order on Discovery" relating to the discovery disputes discussed at the April 15 status conference, and submitted that proposed order to the District Judge.  The court entered the order on May 2, 2005.  The minutes of the April 15 status conference and the order appear to address Defendants' request for discovery of electronic materials seized from businesses and warehouses of the defendants in Barbados, West Indies, in July 1996.  However, the last paragraph of the order directs the government to produce "all requested discovery."  On May 4, 2005, the undersigned Magistrate Judge held a telephone conference with attorney Robert Ritchie and Assistant U.S. Attorney Dan Newsom.  The attorneys disagreed on the scope of the May 2 order, and stated that they will take up the matter with the District Judge. See Letter addressed to District Judge Donald from Assistant U.S. Attorney Dan Newsom, filed May 3, 2005 (dkt #499).  However, absent an order from the District Judge withdrawing the prior order of reference, this Magistrate Judge will proceed with addressing the merits of Defendants' motion to compel.

("OIA-DOJ"), sought assistance from the government of Barbados in obtaining evidence relating to IDM.  On July 12, 1996, Barbados and FBI officials executed search warrants in Barbados, seizing approximately 140 bankers boxes of documents.

Subsequently, IDM representatives filed court pleadings in Barbados challenging the legality of the searches.  The court in Barbados granted IDM's motion to seal the boxes of documents pending a judicial hearing on the matter.  On March 18, 1998, the Barbados court dismissed the interim order.  IDM appealed the order and moved to enjoin officials from unsealing or removing the seized documents.  The Barbados court granted IDM's motion.  On December 9, 1998, the government filed in this court an *ex parte* motion to suspend the statute of limitations, pursuant to 18 U.S.C. § 3292. On December 14, 1998, the court granted the government's motion.

On May 8, 2002, the government returned an 88-count indictment against the defendants, charging each defendant with violations of 18 U.S.C. § 1962(c) (substantive criminal RICO), 18 U.S.C. § 1962(d) (RICO conspiracy), and 18 U.S.C. § 1341 (mail fraud). The RICO conspiracy charge includes 68 alleged overt acts, and the substantive RICO charge includes 121 alleged predicate acts.  In addition, the indictment contains a criminal forfeiture count that involves numerous businesses, properties, bank accounts, and other assets.

Defendants Alvin Moss, Richard Titterington, Geoffrey Feldman,

-3-

Sherrie-Lee Cave, Stacy Beavers, and Michael Cole (collectively "Defendants") have now filed a motion to compel relating to a variety of discovery disputes.[2]   The court will address each dispute in turn below.

## II. ANALYSIS

### A.   Rule 16 Materials and Related Items

#### 1.   All statements made by each defendant, written or recorded.

Defendants request statements that they contend should be produced pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and (B), including written and recorded statements made by the defendants in the possession of the government, statements of co-defendants, and defendants' statements to third parties.   The government has informed the defendants that it has provided each defendant with his or her own post-arrest statements.   The government has also stated that it has complied, and will continue to comply, with Rule 16, which requires pretrial production of (1) oral statements made by the defendant in response to interrogation by a person the defendant knew was a government agent (if the government intends to use the statement at trial); (2) written or recorded statements of the defendant in the possession of the government; (3) any written record containing the substance of

---

[2]Richard Titterington died after this motion was filed, and a motion for abatement of proceedings *ab initio* has been filed on his behalf.

-4-

relevant oral statements made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (4) the defendant's grand jury testimony. See Fed.R.Cr.P. 16(a)(1)(A) and B). To the extent the government has not fully complied with this rule, the government is hereby ordered to disclose to each defendant his or her own statements as required under Fed. R. Cr. P. 16(a)(1)(A) and (B), within twenty (20) days from the date of this order.

However, as to the defendants' broader request that the court order the government to provide each defendant with statements made by other co-defendants, as well as statements each defendant made to third parties (e.g. informants, accomplices, co-conspirators, witnesses, tipsters, or co-defendants), the motion is DENIED. Rule 16 governs pretrial discovery in criminal matters and sets forth the guidelines governing the government's duty to disclose information to the defense. "Rule 16 does not authorize discovery of statements made by co-conspirators, co-defendants or witnesses." United States v. Santiago, 174 F.Supp.2d 16, 38 (S.D.N.Y. 2001); see also United Sates v. Percevault, 834 F.2d 283, 285 (2d Cir. 1987); United States v. Fischbach & Moore, Inc., 576 F.Supp. 1384, 1390 (W.D. Pa. 1983); United States v. Perkins, 383 F.Supp 922, 930 (N.D. Oh. 1974); United States v. Ahmad, 53 F.R.D. 186, 189 (M.D. Pa. 1971). Moreover, a defendant is not entitled to pretrial

-5-

discovery of his or her statements made to third parties, unless those statements are <u>Brady</u> material or except as required by 18 U.S.C. § 3500. <u>See</u> <u>Percevault</u>, 834 F.2d at 285-87 (observing that the only way the government can use purported vicarious admissions against defendants at trial is through testimony of prospective government witnesses, and thus, the Jencks Act governs); <u>United States v. Penix</u>, 516 F.Supp. 248 (W.D. Okla. 1981).[3]

    2.   <u>Reports of examinations and tests.</u>

Defendants ask for production, pursuant to Rule 16(a)(1)(F), of all written reports of examinations, tests, or experiments in the government's possession and which are material to preparing the defense or which the government intends to use in its case-in-chief at trial. The government has stated that it is presently complying and will continue to comply with the requirements of Rule 16. To the extent these reports have not yet been provided to the defendants, the government is ordered to permit the defendants to inspect and copy these reports within twenty (20) days from the date of this order.

    3.   <u>Documents and tangible objects.</u>

Citing Rule 16(a)(1)(E), the defendants seek an order

---

[3]The cases cited by the defendants do not support their contention that they are entitled to co-defendant statements or defendants' statements to third parties that are not written or recorded. In fact, these cases only require that the government disclose defendant's recorded statements, which Rule 16(a)(1)(A) and (B) already requires.

-6-

requiring the government to produce books, papers, documents, and
tangible objects, including any such material in an electronic or
computerized format and disclose the nature of all electronic and
computerized materials.  The defendants state that the government
has made available to them more than two hundred boxes of
materials, but claim that given the complexity of this case and the
passage of time, simply making such voluminous records available to
the defendants for copying and inspection is inadequate.  They
assert that the government should be required to categorize the
documents and to identify with particularity which materials it
plans on using at trial.

At least two courts have recently denied similar motions on
the basis that Rule 16 does not require the government to
categorize and identify documents.  See United States v. Scrushy,
No. 03-BE-530, 2004 WL 483264, at *3 (N.D. Ala. Mar. 3,
2004)(unpublished); United States v. Kaplan, No. 02-CR-883, 2003 WL
22880914, at *21 (S.D.N.Y. Dec. 5, 2003)(unpublished); see also
United States v. Jordan, 316 F.3d 1215, 1253 (11th Cir. 2003).  In
Scrushy, the defendants filed a motion to compel the government to
specify the discovery documents it expected to use in its case-in-
chief at trial.  The court denied the motion, holding as follows:

> The court agrees with the Government that the plain
> language of Rule 16(a)(1)(E)(ii) does not require the
> Government to specify from among the universe of
> discovery documents produced to defendant which of those
> documents it intends to rely upon at trial.  Rule
> 16(a)(1)(E) describes three categories of documents the

Government must turn over to the defendant during discovery . . . . So long as the Government fulfills its discovery obligation to produce all documents fitting into any one of these three categories, it cannot be put at hazard for failing to correctly categorize the documents it produces. . . . The rule does not impose a duty on the Government to tip its hand prematurely by requiring it to give the defendant a roadmap of its strategy. The act of categorizing documents under Rule 16 for the defendant necessarily reveals the Government's strategic view of the significance of each document – whether it is one pertinent to an anticipated defense or one the Government itself intends to use. The rule does not require that outcome. Although it requires an exchange of information, it does not open the door to discovery of strategy.

Id. at *3; see also Kaplan, 2003 WL 22880914, at *21 (denying defendant's motion to compel the government to identify which of the 33,000 pages of documents produced it intended to use at trial). The court agrees with these decisions, and likewise DENIES the defendant's motion to compel the government to categorize or identify documents.[4]

    4.   Expert witnesses.

Defendants ask that the government provide them with a written summary of expert testimony, as required under Rule 16(a)(1)(G). To the extent the government has not yet provided its expert summaries to the defendants, it shall do so within twenty (20) days from the date of this order.

**B.   Government Witnesses and Documents To Be Used in Government's Case-in-Chief**

---

[4]With regards to the request for production of electronic materials, that issue was addressed by the District Judge in the May 2 order.

-8-

Defendants seek pre-trial discovery from the government of the names of its trial witnesses and a list of trial exhibits. With respect to a witness list, the case law in this circuit provides that defendants in non-capital cases are not entitled to know who will testify for the government in advance of trial. See e.g., United States v. Turner, 91 Fed. Appx. 489, 491 (6th Cir. 2004); United States v. Justice, 14 Fed. Appx. 426, 432 (6th Cir. 2001); United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); United States v. Crawford, No. 04-20103, 2004 WL 2905394, at *2 (W.D. Tenn. May 03, 2004)(unpublished). As for the defendants request for pretrial disclosure of the government's trial exhibits, for the same reasons set forth in section II.A.3 above, the motion is DENIED. See Scrushy 2004 WL 483264, at *3; Kaplan, 2003 WL 22880914, at *21; see also Jordan, 316 F.3d at 1253.

## C.    Jencks Act Material

Defendants' motion requests early production of Jencks Act materials. Defendants also ask "for information (e.g., names of witnesses for whom the government possesses Jencks Act statements) which the Court is authorized to order be produced." Defs.' Reply at 11-12. Defendants further request early production of the statements of non-prospective witnesses which contain Brady material. The Jencks Act, 18 U.S.C. § 3500, provides:

(a) In any criminal prosecution brought by the United

-9-

States, no statement or report in the possession of the
United States which was made by a Government witness or
prospective Government witness (other than the defendant)
shall be the subject of subpoena, discovery, or
inspection until said witness has testified on direct
examination in the trial of the case.

The Sixth Circuit has held that "the government may not be
compelled to disclose Jencks Act material before trial." United
States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988); accord
United States v. Mullins, 22 F.3d 1365, 1372 (6th Cir. 1994);
United States v. Curtis, No. 91-5189, 1991 WL 270820, at *1 (6th
Cir. Dec. 19, 1991)(unpublished); United States v. Algie, 667 F.2d
569, 571 (6th Cir. 1982).  Moreover, with respect to the request
for names of government witnesses, as discussed earlier in this
order, defendants in non-capital cases are not entitled to know who
will testify for the government in advance of trial.  See United
States v. Turner, 91 Fed. Appx. 489, 491 (6th Cir. 2004).
Finally, as to the broader request for names of persons who have
made statements to a government official who will not be called as
witnesses at trial, these statements need not be produced.  See
United States v. Juliano, 2000 WL 640644, at *3 (S.D.N.Y. May 18,
2000)(unpublished)(stating that the government was not obligated to
produce statements of individuals not called to testify); United
States v. Lampkin, 1996 WL 294276, at *2 (D.D.C. May 28,
1996)(unpublished).  Therefore, these requests are DENIED.

**D.   Brady Material**

Defendants request the court to order the government to

disclose any evidence that is favorable to the defendants, as required by Brady v. Maryland, 373 U.S. 83 (1963). In addition to a general request for all exculpatory material in the government's possession, the defendants list nine categories of documents that they claim may contain or constitute Brady material. The government responded to many of the specific requests, but it also made the general statement that it is aware of its obligations under Brady and will advise the defense of any exculpatory material it obtains.

"There is no general constitutional right to discovery in a criminal case, and Brady did not create one . . . ." Presser, 844 F.2d at 1281 (quoting Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). The Supreme Court "has made it clear that while the Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." Presser, 844 F.2d at 1281. Because the government has stated it is aware of its obligations under Brady and will comply with Brady, the motion is DENIED.

**E.   Extradition Documents**

Defendants ask for documents relating to the extradition of Alvin Moss. However, since the filing of the motion to compel, the government has provided these materials to the defendants.

-11-

Therefore, the motion is DENIED as moot.

**F.   Search Warrant Materials**

Defendants request materials related to searches in New Jersey, Florida, Canada, Barbados, and Australia, as well as any Federal Express shipments between Canada and Barbados that were intercepted by United States Customs.   Defendants limit their request "[t]o the extent such documents are in the possession of the government."   The government responds by stating that the only search conducted in the United States in this investigation was on July 12, 1996, at L & M Marketing in Cherry Hill, New Jersey, and that the government will produce a copy of the search warrant, supporting affidavit, and inventory of the items seized at that location.   The government also states that it does not have copies of warrants for searches conducted in other countries.

With respect to the request for search warrants and related materials, the government is ordered to produce all search warrants, supporting affidavits, and inventories of all domestic and foreign searches, if these documents are in the government's possession, custody, or control, within twenty (20) days from the date of this order.   The government has not responded to the defendants' request for materials relating to Federal Express shipments that were intercepted by United States Customs, and it appears that these items are material to preparing the defense. These documents shall be produced or made available for

inspection/copying within twenty (20) days from the date of this order.

## G.   Rule 404(b) Evidence

Defendants want a list of crimes, wrongs, or acts that the government will seek to introduce at trial against each defendant under Federal Rule of Evidence 404(b).  The government did not respond to this request in its supplemental response.

Rule 404(b) provides that on request of the defendant, the government must give the defense "reasonable notice" of other crimes, wrongs, or acts that it intends to introduce at trial. Once the defendant makes an initial request, the government has a continuing obligation to update the defendant on any Rule 404(b) evidence it wishes to use at trial.  See United States v. Barnes, 49 F.3d 1144, 1148 (6th Cir. 1996).  Failure to provide reasonable notice of Rule 404(b) evidence prior to trial or failure to show good cause why reasonable notice was not given may result in exclusion of the evidence at trial.  See United States v. Vega, 188 F.3d 1150, 1153 (9th Cir. 1999); United States v. Arana, 182 F.R.D. 236, 241 (E.D. Mich. 1998).  Therefore, the motion is GRANTED.  The government is ordered to provide the defendants with reasonable notice prior to trial of any Rule 404(b) evidence it intends to use at trial.

## H.   Statute of Limitations Tolling Material

Defendants request materials relating to the tolling of

statute of limitations in this case under 18 U.S.C. § 3292.   In support of this motion, the defendants rely on defendant Titterington's March 14, 2003 Motion for Discovery (dkt #220).[5]   In that motion, defendant Titterington asked for production of three general categories of documents: (1) any communications between the governments of the United States and Barbados relating to the evidence seized in Barbados pursuant to the United States's request for assistance; (2) a detailed description and supporting documentation of what measures were taken by the government in its attempts to obtain final action on the request for assistance; and (3) all documents describing the evidence seized and reviewed by agents of the United States or Barbados prior to the evidence being sealed by the Barbados court.

18 U.S.C. § 3292 provides as follows:

(a)(1) Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

(2) The court shall rule upon such application not later than thirty days after the filing of the

---

[5]The government's response to the motion to compel likewise references the response it previously filed to defendant Titterington's motion (dkt #242).

application.

(b) Except as provided in subsection (c) of this section, a period of suspension under this section shall begin on the date on which the official request is made and end on the date on which the foreign court or authority takes final action on the request.

(c) The total of all periods of suspension under this section with respect to an offense –

(1) shall not exceed three years; and

(2) shall not extend a period within which a criminal case must be initiated for more than six months if all foreign authorities take final action before such period would expire without regard to this section.

(d) As used in this section, the term "official request" means a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country.

18 U.S.C. § 3292. As discussed above, the defendants first seek communications between the governments of the United States and Barbados relating to the request for assistance. They contend that the Barbados government may have taken final action prior to the maximum three year tolling period.

In response to this request, the government produced twelve documents, which appear to be mostly correspondence written by government attorneys in the United States and Barbados and sent to other attorneys within their respective governments or sent to their respective counterparts in the other country. The government claims that the Barbados government did not take "final action"

-15-

within three years of the official request for assistance, and therefore the statute of limitations was tolled for the maximum three year period.

Based on the documents provided by the government, it appears that a search was executed on July 12, 1996, by authorities in Barbados.   Representatives of IDM challenged the search, and a court in Barbados ordered that the seized items be sealed.   The lower court later determined that the order preventing the release of the evidence should be dismissed on March 18, 1998.   IDM representatives filed a notice of appeal, and the Solicitor General of Barbados refused to release the documents until the appeal was heard.  The Court of Appeals reversed the lower court's decision in December 1998 and continued the injunction that prevented the evidence to be sent to American officials "until the appeal is heard and determined."   Two letters by Department of Justice attorneys sent to the Solicitor General of Barbados dated June 22, 2000 and March 31, 2003, indicate that the Barbados courts did not make any further rulings on the sealed documents as of those dates.

Although "final action" by the foreign authority determines the end of the tolling period under Section 3292, the statute does not define the term.  No cases in this circuit or in this district have defined "final action."    Three other federal appellate courts, however, have addressed this issue.  The cases require that some clear definitive act on the part of the foreign authority is

-16-

required to constitute final action within the meaning of the statute. See United States v. DeGeorge, 380 F.3d 1203, 1215 (9th Cir. 2004)(citing United States v. Bischel, 61 F.3d 1429, 1434 (9th Cir. 1995)); United States v. Torres, 318 F.3d 1058, 1065 (11th Cir. 2003); United States v. Meador, 138 F.3d 986, 992 (5th Cir. 1998); see also United States v. Ratti, No. 03-0330, 2005 WL 878093, at *9 (D. Md. Feb. 1, 2005)(unpublished); United States v. Trainor, 277 F.Supp.2d 1278, 1284 (S.D. Fla. 2003); United States v. King, NO. 98-CR-91A, 2000 WL 362026, at *19 (W.D.N.Y. Mar. 24, 2000)(unpublished). Although the courts disagree on exactly what the definitive act must be, compare Bischel and Torres with Meador and Ratti, the courts all require that, at minimum, a dispositive response must be communicated by the foreign authority to the U.S. government in order for there to be final action. Meador, 138 F.3d at 992 ("when the foreign government believes it has completed its engagement and communicates that belief to our government, that foreign government has taken a 'final action' for the purposes of § 3292(b).").

Regarding the defendants' request for discovery of communications between the U.S. and Barbados governments, the government has produced some, but presumably not all, of the correspondence between the two governments relating to the request for assistance at issue. The government, however, cannot be the judge of what constitutes "final action" by the foreign government

-17-

under § 3292. <u>Meador</u>, 138 F.3d at 993-94; <u>Ratti</u>, 2005 WL 878093, at
*10.   Thus, in light of the court's order granting the defedants'
request for an evidentiary hearing on whether the government
complied with § 3292, the court hereby orders that the government
produce all correspondence between the two governments relating to
the request for assistance, as well as all Barbados court documents
and pleadings relating to the government's request for assistance,
which are in the possession, custody or control of the government.
These documents must be produced within eleven (11) days from the
date of this order.

With respect to the defendants' request for an inventory of
items seized in Barbados and information relating to interviews and
bank records in Barbados, the defendants argue that the tolling of
the limitations period under § 3292 is offense-specific, and that
having an inventory and the other requested information will help
the defendants determine whether the items are relevant to the
tolling of the statute of limitations for each offense.  Defendants
also assert that the statute of limitations in a RICO charge is
defendant-specific, and that the government must demonstrate that
the evidence requested from the Barbados authorities is relevant
and material to the specific counts for each defendant.

While the defendants are correct that section 3292 is offense-
specific, "such specificity does not require that a foreign
evidence request expressly list by citation the alleged statutory

-18-

violations in order for the foreign evidence request to pass muster under 18 U.S.C. § 3292." United States v. Neill, 952 F.Supp. 831, 832 (D.C.C. 1996); see also United States v. Wilson, 249 F.3d 366, 374 (5th Cir. 2001). Moreover, although a statute of limitations determination under RICO is defendant-specific, see United States v. Torres Lopez, 851 F.2d 520 (1st Cir. 1988); United States v. Starrett, 55 F.3d 1525, 1545 (11th Cir. 1995), determining the tolling of the statute of limitations under § 3292 is not defendant-specific. See Neill, 952 F.Supp. at 833; United States v. Ratti, 2005 WL 878093, at *5 (D. Md. Feb. 1, 2005). "In 18 U.S.C. § 3292, Congress focused on the offense, not the offender." Neill, 952 F.Supp. at 834. Thus, the court DENIES defendants' request for production of inventories and information relating to interview and bank records in Barbados.[6]

Finally, the defendants seek information that describes the measures taken by the government to obtain final action on its request for evidence. They contend the government must act in good faith and with due diligence in obtaining the evidence located in foreign countries. However, the courts that have considered this argument have held that § 3292 does not impose a good faith and due

---

[6]Defendants also ask for the inventory of items seized because it "will help determine whether or not these items were available to the government via more expeditious means." This appears to be directly related to their argument that the government must act in good faith and with due diligence, discussed infra, an argument which the court rejects.

-19-

diligence requirement on the government. See Bischel, 61 F.3d at 1435; Torres, 318 F.3d at 1064; Ratti, 2005 WL 878093, at *10. The cases cited by the defendants only stand for the general proposition that the government must act in good faith when prosecuting a defendant. See Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 826 (1987); United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982); Berger v. United States, 295 U.S. 78, 79 (1935); Meador, 138 F.3d at 994 (5th Cir. 1998); United States v. McLernon, 746 F.2d 1098, 1121 (6th Cir. 1984); State v. Kindsvogel, 43 P.3d 73, 74 (Wash. Ct. App. 2002); Brown v. Grosso, 285 A.D.2d 642, 644 (N.Y. App. Div 2001). Therefore, this part of the defendants' motion is DENIED.

## I.    Information Relating to Grand Jury Proceedings

Defendants ask the court to order the production of information relating to the grand jury proceedings in this case.[7] The defendants contend they need this information because 18 U.S.C. § 3292 requires that only a district court sitting in the jurisdiction where an empaneled federal grand jury is investigating the offense may issue an order tolling the statute of limitations. Defendants argue that if an empaneled grand jury was not investigating the offenses charged in the instant indictment at the

---

[7]Defendants and the government incorporate by reference the briefs filed relating to defendant Titterington's Motion for Disclosure of Nonprivileged Information Relating to Grand Jury Proceedings (dkt #217).

time of the application and entry of the court's tolling order, then the tolling order is ineffective because the district court did not have jurisdiction under the statute.

The general rule of secrecy of grand jury proceedings has been held to be essential to the purpose of the grand jury process. United States v. Proctor & Gamble Co., 356 U.S. 677, 681 (1958). It has long been the settled rule of the Sixth Circuit to require the defendant to demonstrate a "particularized need" for grand jury materials before the defendant may have pretrial access thereto. United States v. Tennyson, 88 F.R.D. 119, 121 (E.D. Tenn. 1980) (citations omitted). The defendant's particularized need for disclosure must outweigh the interest in continued grand jury secrecy. A "generalized desire" to inspect grand jury materials in the hopes that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement. Id. at 121. Moreover, the disclosure of grand jury proceedings is "not proper merely for discovery purposes." Id. It is within the trial judge's discretion whether to grant or deny requests for the disclosure of grand jury proceedings. United States v. levinson, 405 F.2d 971, 981 (6th Cir. 1968).

With respect to request (a) for information on the location of each grand jury that considered evidence in this case, and request (b) for the dates which each grand jury investigated this case, the motion is GRANTED. "The disclosure of the commencement and

-21-

termination dates of the grand jury does not disclose the essence of what took place in the grand jury room." United States v. Smith, No. 02-20380, 2004 WL 784521, at *3 (W.D. Tenn. Jan. 26, 2004)(permitting a defendant to discover the grand jury's commencement and termination dates)(citing cases). Therefore, the court will order its disclosure within twenty (20) days from the date of this order.

With respect to the remaining requests (c) through (i), the motion is DENIED. First, contrary to the defendants' interpretation of the statute, the phrase "the district court before which a grand jury is impaneled to investigate the offense" found in § 3292 is merely a venue requirement specifying the particular court that may issue the tolling order. See United States v. DeGeorge, 380 F.3d 1203, 1213-14 (9th Cir. 2004); United States v. King, No. 98-Cr-91A, 2000 WL 362026, at *22 (W.D.N.Y. Mar. 24, 2000)(unpublished). Second, other than the general concern that apparently multiple grand juries investigated this case over a span of several years, the defendants have not demonstrated the particularized need that would warrant disclosure of the requested grand jury materials.

**J.   Sentencing**

Defendants request all materials and evidence upon which the government will rely at sentencing. A defendant, however, is not entitled to advance notice of the specific evidence that the

-22-

government will use at sentencing. <u>See, e.g.</u>, <u>Gray v. Netherland</u>, 518 U.S. 152, 166-170 (1996)(determining that there was no constitutional rule that a defendant has a right to notice of the evidence that the state plans to use at sentencing); <u>United States v. Lee</u>, 274 F.3d 485, 495 (8th Cir. 2001)("Although [defendant] had a right to advance notice of aggravating factors the government sought to prove at sentencing [under 18 U.S.C. § 3593(a)], [the defendant] had no right to advance notice of the specific evidence the government would use to prove those factors."); <u>see generally</u> <u>United States v. Battle</u>, 173 F.3d 1343, 1347 (11th Cir. 1999); <u>United States v. Nguyen</u>, 928 F.Supp. 1525, 1545-46 (D. Kan. 1996). Therefore, the motion is DENIED.

## K.   Other Materials

In their final set of requests, the defendants request various materials, including copies of all U.S. Postal Service complaints filed against related entities, copies of all U.S. Customs searches and seizures of certain lottery materials, U.S. Postal Service notifications of seizures to the Barbados Postmaster, a copy of Barbados Postmaster's notification to Fred Collier, copies of all Barbados Customs' seizures related to the case, and copies of all documents concerning the U.S. Customs' seizures of international shipments forwarded through commercial carriers. In their motion, the defendants note that "[t]he government has indicated that it will provide these materials." The government did not address this

-23-

request in its original or supplemental response.  Therefore, the motion with respect to these documents is GRANTED.  The government is ordered to produce these materials within twenty (20) days from the date of this order.

### III. CONCLUSION

For the above reasons, the defendant's Motion to Compel is GRANTED in part and DENIED in part.  For all documents that the court has ordered to be produced (with the exception of communications between the United States and Barbados governments relating to the request for assistance and related court documents), the production shall be made within twenty (20) days from the date of this order.  The production of the communications between the U.S. and Barbados and related court documents shall be made within eleven (11) days from the date of this order.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

5/5/05
Date

-24-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 503 in case 2:02-CR-20165 was distributed by fax, mail, or direct printing on May 6, 2005 to the parties listed.

---

Robert G. Chadwell
MCKAY CHADWELL PLLC
600 University St.
Ste. 1601
Seattle, WA 98101

David E. Wilson
MCKAY CHADWELL, PLLC
600 University
Ste 1601
Seattle, WA 98101

Wade V. Davies
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

David W. Kenna
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Stephen Ross Johnson
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901--112

Michael R. Koblenz
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Glenn Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Robert W. Ritchie
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Honorable Bernice Donald
US DISTRICT COURT