IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 02-20165 DP |
| | ) | |
| ALVIN IRWIN MOSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART DEFENDANTS' RENEWED MOTION TO COMPEL PRODUCTION OF ITEMS PERTAINING TO TOLLING OF STATUTE OF LIMITATIONS**

Before the Court is Defendants' Renewed Motion to Compel Production of Items Pertaining to Tolling of Statute of Limitations, filed on May 2, 2005 (dkt #497). The matter was referred to the magistrate judge for determination.[1] For the following reasons, the renewed motion is GRANTED in part.

The multiple defendants in this case are charged, inter alia, with a RICO conspiracy, money laundering, and mail fraud. On March 14, 2003, Defendant Richard Titterington filed a Motion to Compel Production of Items Pertaining to Tolling of Statute of Limitations. Titterington died in December 2004, and proceedings against him have been dismissed and abated *ab initio*. Although no other defendants

---

[1] The order of reference was for report and recommendation; however the renewed motion, like the original motion, is non-dispositive.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 5-16-05

508

joined Titterington's motion, the Court allowed the defendants to renew the issues raised therein.

The issues presented in the renewed motion are closely related to some issues presented in Defendants' Motion to Compel Discovery, filed on November 8, 2004. The Court ruled on this motion on May 5, 2005. Following the organization of Titterington's March 2003 motion, the Court grouped Defendants' requests for items pertaining to the tolling of statute of limitations into three broad categories: (1) communications between the U.S. and Barbados governments ("communications"), (2) inventory of items seized in Barbados ("inventory"), and (3) details related to the U.S. government's attempt to obtain final action pursuant to 18 U.S.C. § 3292 ("detailing"). The Court granted the motion with respect to communications but denied the motion with respect to the latter two categories.

Defendants' renewed motion itemizes eighteen[2] specific requests for materials. Of those eighteen, seven[3] are identical to the items listed in the November 2004 motion to compel. Because a ruling has

---

[2] Defendants list the specific items they seek in paragraph 10 of their renewed motion. The nineteenth and final item—subparagraph (s)—is merely a description of types of materials sought, as opposed to an additional substantive request.

[3] Those include requests (a), (b), (c), (d), (e), (g), and (h) in paragraph 10 of the motion.

-2-

already been made on these items, the Court GRANTS the renewed motion and orders production consistent with the May 5 order. Additionally, eleven requests fall within the inventory[4] or detailing[5] categories. The Court DENIES the motion with respect to these items, per the May 5 order.

In request (i), Defendants seek grand jury transcripts from December 1998. They contend these transcripts will confirm or raise doubt as to whether "at the time the application for tolling was made, the grand jury then sitting was conducting an investigation into this matter, which is a necessary jurisdictional pre-requisite [sic] under 18 U.S.C. § 3292." As discussed in the previous order, "the phrase 'the district court before which a grand jury is impaneled to investigate the offense' found in § 3292 is merely a venue requirement specifying the particular court that may issue the tolling order." Order Granting in Part and Denying in Part Defendants' Motion to Compel, 22 (May 5, 2005)(citing United States v. DeGeorge, 380 F.3d 1203, 1213-14 (9th Cir. 2004); United States v. King, No. 98-Cr-91A, 2000 WL 362026, at *22 (W.D.N.Y. Mar. 24, 2000)(unpublished)). Therefore, the motion is DENIED with respect to request (i).

Accordingly, Defendants' Renewed Motion to Compel Production of

---

[4] Requests (f) and (j) fall within the rubric of inventory.

[5] Requests (k), (l), (m), (n), (o), (p), (q), and (r) relate to detailing.

Items Pertaining to Tolling of Statute of Limitations is GRANTED in part.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


5/12/05
Date

-4-

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 508 in case 2:02-CR-20165 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

---

Stephen Ross Johnson
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901--112

Robert G. Chadwell
MCKAY CHADWELL PLLC
600 University St.
Ste. 1601
Seattle, WA 98101

Wade V. Davies
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

David W. Kenna
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Robert W. Ritchie
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Glenn Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

David E. Wilson
MCKAY CHADWELL, PLLC
600 University
Ste 1601
Seattle, WA 98101

Michael R. Koblenz
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT