FILED BY ____ D.C.

05 JUN 15   PM 4: 05

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-20165-D/P |
| | ) | |
| ALVIN IRWIN MOSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## ORDER AFFIRMING IN PART AND MODIFYING IN PART THE ORDERS OF THE MAGISTRATE JUDGE GRANTING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY AND PRODUCTION OF ITEMS PERTAINING TO TOLLING OF STATUTE OF LIMITATIONS

---

Before the Court are the objections of the United States ("the Government") and Alvin Irwin

Moss, Geoffrey L. Feldman, Stacy Layne Beavers, Michael Elliot Cole, and Sherri-Lee Doreen Cave

("Defendants") to the Magistrate Judge's Order Granting in Part and Denying in Part Defendants'

Motion to Compel ("May 5, 2005 Order") and Order Granting in Part Defendants' Renewed Motion

to Compel Production of Items Pertaining to Tolling of the Statute of Limitations ("May 12, 2005

Order"). On June 1, 2005, a hearing was conducted as to the parties' objections. For the following

reasons, the Court **AFFIRMS** in part and **MODIFIES** in part the Magistrate Judge's Orders.

## I.   PROCEDURAL BACKGROUND

Defendants filed a motion to compel discovery on November 5, 2004. This Court referred

the matter to the Magistrate Judge for a determination. On May 5, 2005, the Magistrate Judge

granted in part and denied in part Defendants' motion to compel discovery. On May 2, 2005,

Defendants filed a renewed motion to compel production of certain items pertaining to the tolling

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-16-05

538

of the statute of limitations.  The Court referred the matter to the Magistrate Judge.  On May 12, 2005, the Magistrate Judge granted in part and denied in part Defendants' motion.

On May 16, 2005, the Government filed its objections to the Magistrate Judge's May 5, 2005 Order.  On May 19, 2005, Defendants filed their objections to the Magistrate Judge's May 5 and 12, 2005 Orders.  On June 1, 2005, the Court held a hearing at which the parties argued their respective positions concerning the Magistrate Judge's Orders.

## II.    ANALYSIS

The Government objects to the portion of the Magistrate Judge's May 5, 2005 Order entitled "Other Materials."  The material addressed by the Magistrate Judge in this section includes "all U.S. Postal Service complaints filed against [entities related to Defendants], copies of all U.S. Customs searches and seizures of certain lottery materials, U.S. Postal Service notifications of seizures to the Barbados Postmaster, a copy of the Barbados Postmaster's notification to Fred Collier, copies of all Barbados Customs' seizures related to the case, and copies of all documents concerning the U.S. Customs' seizures of international shipments forwarded through commercial carriers."

With respect to all of the requests except those related to the copy of Barbados Postmaster's notification to Fred Collier and the copies of all documents concerning U.S. customs seizures of international shipments, the Government agrees that it will provide Defendants with the documents it obtained during its investigation which are in its custody and control.[1]  While consenting during the hearing, the Government did not assert this position in its response to Defendants' motion to compel.  Defendants contend that the Government should be compelled to produce all such

---

[1]Per the Government's representation at the June 1, 2005 hearing, the Government no longer objects to the portion of the May 5, 2005 Order related to the notification to Fred Collier.

materials, whether held by the prosecution or by another federal agency. Other courts have held that items held by other federal agencies working in conjunction with prosecution are subject to production and are deemed to be in the custody and control of the prosecution. See United States v. Jensen, 608 F.2d 1349, 1357 (10th Cir. 1979) (discussing the Government's duty to produce items for discovery when inter-agency interaction is involved and stating that the Government's duty "normally can be discharged 'by searching, or requesting that search be made, of the files of administrative or police investigations of the defendant, in addition to his own files.'"); United States v. Bryant, 439 F.2d 642 (D.C. Cir. 1971), *overruled on other grounds*, In re Sealed Case, 99 F.3d 1175 (D.C. Cir. 1996). The Court, therefore, affirms the Magistrate Judge's ruling as to these issues with the following modifications. The Government shall promptly search and make requests for all said items in the care and custody of federal agencies other than the prosecution's office and make them available to Defendants. The Government shall also make all efforts to obtain the requested items in the possession of the Barbados authorities. Furthermore, the Government will apprize Defendants within twenty five days of the entry of this order of any items that it is unable to obtain, either because they are in the control of a foreign government or because they no longer exist.

With respect to the Government's objection as to the copies of all documents concerning the United States Customs' seizures of international shipments forwarded through commercial carriers, the Government asserts that the Magistrate Judge's May 5, 2005 Order is overly broad because it does not specify a time period and includes material that may be totally unrelated to any matter concerning this case. Additionally, the Government asserts that these records are exempted by Fed. R. Crim. P. 16. The Government failed to raise these arguments in its response to Defendants' motion to compel. As such, the Magistrate Judge was not given the opportunity to address the

3

Government's concerns.  For the sake of judicial economy, however, the Court will address the Government's concerns.

First, with respect to the scope of the material, the Court construes Defendants' request and the Magistrate Judge's Order to encompass only those materials that relate to these Defendants and this case.  Likewise, the Court construes the request to encompass the time period of the investigation and case preparation of the instant matter.  As to the third argument, Rule 16 provides in pertinent part:

> (2) Information Not Subject to Disclosure. Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2).  Courts have recognized that search warrants and affidavits are not exempted by Fed. R. Crim. P. 16.  See United States v. Politi, 334 F. Supp. 1318, 1320 (S.D.N.Y. 1971) (noting that the Government agreed that search warrants and affidavits should be produced). As such, to the extent that Defendants seek the production of search warrants or affidavits related to United States Customs agents' seizures of international shipments, the Court finds that the Government shall produce these documents per the Magistrate Judge's May 5, 2005 Order.  With respect to any reports or memoranda produced by the Government or the United States Customs and related to this case, the Court concludes, however, that the Government is not required to produce those items, pursuant to Fed. R. Crim. P. 16.

Defendants assert numerous objections to the Magistrate Judge's Orders.  Defendants' objections include the Magistrate Judge's decision denying Defendants' request for the production

4

of: 1) any written or recorded statements of Defendants including all law enforcement reports, notes, and other recordings within the possession, custody or control of the Government; 2) the Government's witness list; 3) the Government's exhibit list; 4) all Brady material; 5) material related to the tolling of the statute of limitations; 6) grand jury materials; and 7) evidence related to sentencing. The Court will address each objection in turn.

A.    Rule 16 Materials

Defendants sought to compel the production of all written and recorded statements made by Defendants to third parties, *e.g.*, informants, accomplices, co-conspirators, witnesses, and tipsters, which are in the Government's possession and control. The Magistrate Judge denied the request finding that Fed. R. Crim. P. 16 "does not authorize discovery of statements made by co-conspirators, co-defendants, or witnesses." May 5, 2005 Order at 5 (quoting United States v. Santiago, 174 F. Supp. 2d 16, 38 (S.D.N.Y. 2001)). Defendants cite several older cases for the proposition that other courts have granted requests for production of these type of statements. Although some courts may have granted such requests, other courts in more recent years have held that Rule 16 does not require the production of such material. See In re United States, 834 F.2d 283, 285 (2d Cir. 1987); United States v. Fischbach & Moore, Inc., 576 F. Supp. 1384, 1390 (W.D. Pa. 1983). The Court finds that the Magistrate Judge's findings are not clearly erroneous. Accordingly, the Court affirms the Magistrate Judge's ruling as to the Rule 16 materials.

B.    Witness List

Defendants next object to the Magistrate Judge's denial of their request to compel the Government to produce its trial witness list, including the address and telephone numbers of the witnesses. The United States Court of Appeals has held that defendants in non-capital cases are not

5

entitled to know who will testify for the Government in advance of trial. <u>See</u>, <u>e.g.</u>, <u>United States v. Turner</u>, 91 Fed. Appx. 489 (6th Cir. 2004). Relying on these cases, the Magistrate Judge denied Defendants' request. The Sixth Circuit has recognized, however, that although "[i]t is well recognized that defendants cannot obtain lists of prosecution witnesses as a matter of right, [] the district court has discretion to order the prosecution to produce it." <u>United States v. Kendricks</u>, 623 F.2d 1165, 1168 (6th Cir. 1980) (citations omitted). The Court agrees generally with the Magistrate Judge's conclusion. Given the complexity and duration of this case, however, the Court finds that it is in the interest of judicial economy to require the Government to provide Defendants with a witness list 30 days before trial. The list shall include the addresses of the witnesses.

C.    <u>Exhibit List</u>

Defendants object to the Magistrate Judge's refusal to compel the Government to produce a list of the exhibits on which it intends to rely. Relying on three cases, the Magistrate Judge found that Rule 16 does not require the Government to produce such a list. <u>See</u> May 5, 2005 Order at 7 (citing <u>United States v. Jordan</u>, 316 F.3d 1215, 1253 (11th Cir. 2003); <u>United States v. Scrushy</u>, 2004 WL 483264, at *3 (N.D. Ala. Mar. 3, 2004); <u>United States v. Kaplan</u>, 2003 WL 22880914, at *21 (S.D.N.Y. Dec. 5, 2003)). In discussing whether a plaintiff should produce such a list, however, other courts have determined that in complex cases that have voluminous documents being produced, the plaintiff should produce an exhibit list prior to trial. <u>See</u>, <u>e.g.</u>, <u>United States v. Upton</u>, 856 F. Supp. 727, 748 (E.D.N.Y. 1994); <u>United States v. Poindexter</u>, 727 F. Supp. 1470 (D.D.C. 1989); <u>United States v. Turkish</u>, 458 F.Supp. 874 (S.D.N.Y. 1978). As the Court in <u>Upton</u> explained, "[t]he purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this--where there are thousands of documents--is to allow the defendant

6

to adequately prepare his or her defense." <u>Upton</u>, 856 F. Supp. at 748. In the instant case, there is no question that the discoverable material is massive. Moreover, the trial is less than three months away. Accordingly, the Court finds that the Government should provide Defendants with an exhibit list at least forty five days prior to the scheduled trial date.

D.    <u>Brady Material</u>

Defendants assert that the Court should compel Defendants to produce all <u>Brady</u>, <u>Giglio</u>, and impeachment materials. Defendants made general and specific requests for <u>Brady</u> material. The Magistrate Judge denied Defendants' motion to compel because the Government stated that it was aware of its <u>Brady</u> obligations and would comply.

As the Magistrate Judge noted, "while the Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." May 5, 2005 Order at 11 (quoting <u>United States v. Presser</u>, 844 F.2d 1275, 1281 (6th Cir. 1988) (citation omitted). As such, the Government is obligated to produce all evidence in its control that is favorable to Defendants and material to their guilt or punishment.

Defendants contend that the Government has not produced any <u>Brady</u> material. For this reason, the Court orders the Government to produce any such material within thirty days of the entry of this order. The Government is typically the judge of what evidence is subject to disclosure, however, as Defendants point out, the Indictment indicates that the Government may possess evidence that would show that some individuals did receive lottery winnings and confirmations. Therefore, it is in the interest of judicial economy for the Court to specifically direct the Government to produce any such materials that it has in its possession and control. With respect to the remainder

7

of Defendants' specific <u>Brady</u> and <u>Giglio</u> requests, the Court will not specifically compel the Government to turn over such evidence, as the Court believes that the Government understands the implications that its failure to turn over any such evidence in its possession will have, and expects that the Government understands the Court's intent. Accordingly, the Court directs the Government to produce all <u>Brady</u> and <u>Giglio</u> material in its control and possession within thirty days of the entry of this order, including that material specifically addressed by the Court.

E.      Statute of Limitations Materials

Defendants ask the Court to compel the Government to produce information relating to interviews and bank records in Barbados and measures taken by the Government to secure final action. The Magistrate Judge denied this request, finding that the determination of the tolling of the statute of limitations is not defendant-specific. <u>See</u> May 5, 2005 Order at 19. Title 18, section 3292 of the United States Code focuses on the offense, not the offender. <u>United States v. Neill</u>, 925 F. Supp. 831, 832 (D.D.C. 1996). Thus, the tolling of the statute of limitations is not defendant-specific. <u>Id.</u> at 833. Defendants have not asserted that the Magistrate Court's ruling was erroneous, only that they would, in effect, like to have this material. Given that Defendants have not established that the Magistrate Judge's ruling was incorrect, the Court affirms the Magistrate Judge's ruling as to Defendants' request for production of inventories and information relating to interview and bank records in Barbados.

Defendants further ask the Court to clarify the Magistrate Judge's ruling with respect to communications between the United States and the Barbados governments. Defendants requested production of all communications between the governments of the United States and Barbados. The Magistrate Judge ruled in favor of Defendants, compelling production in one part of the order of all

8

"communications" and in another part of the order of all "correspondence." The Court reads the May 5, 2005 Order to require the Government to produce all communications between the governments of the United States and Barbados related to the tolling of the statute of limitations.

F.        Grand Jury Materials

Defendants next assert that the Court should compel the Government to produce grand jury materials, including 1) a list of individuals present (except for the grand jurors) during the presentation of the evidence in this case; 2) a list of all individuals authorized under Fed. R. Crim. P. 6(e) to receive information generated during the grand jury proceedings; 3) all grand jury records relating to the grand jury's authorization of subpoenas for witnesses and documents; 4) all votes by the grand jury rejecting the issuance of any subpoenas; 5) all authorizations by the grand jury directing that an individual receive documents as an agent of the grand jury; 6) the exact method by which information was transferred from one grand jury to another grand jury for consideration in the matter; and 7) the composition of the grand juries that considered evidence relating to this case. The Magistrate Judge granted Defendants' motion to compel the production of information as to the location of each grand jury that considered evidence in this case and as to the dates on which each grand jury met to investigate the case. The Magistrate Judge denied, however, the motion to compel the production of the other seven categories related to grand jury materials.

The Magistrate Judge determined that Defendants failed to establish a particularized need for these grand jury materials. May 5, 2005 Order at 22. Before a defendant may gain pretrial access to grand jury materials, he or she must establish a particularized need for the materials. United States v. Tennyson, 88 F.R.D. 119, 121 (E.D. Tenn.1980) (citations omitted). Defendants assert that they need this material to establish that there was no grand jury investigating the offense when the

9

statute of limitations was tolled, as required by 18 U.S.C. § 3292. The Court agrees with the Magistrate Judge's determination that Defendants have not established a particularized need for this information. The material that the Magistrate Judge ordered the Government to produce is sufficient to meet Defendants' need for grand jury information as to the Government's compliance with § 3292. Accordingly, the Court affirms the Magistrate Judge's determination as to the grand jury material.

      G.    <u>Sentencing Materials</u>

      Defendants' final objection is to the Magistrate Judge's finding that Defendants were not entitled to any evidence upon which the Government intends to rely for sentencing. The Magistrate Judge reasoned that a defendant is not entitled to advance notice of the specific evidence that the Government will use at sentencing. May 5, 2005 Order at 23 (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 166-70 (1996)). Defendants contend that <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), require the production of such evidence. Although both of these cases discuss a defendant's right to a jury determination of sentencing factors, neither of these cases mandates the production of evidence that the Government intends to use at sentencing. Accordingly, the Court affirms the Magistrate Judge's ruling as to the production of sentencing materials.

## III.    CONCLUSION

For the aforementioned reasons, the Court **AFFIRMS** in part and **MODIFIES** in part the

Magistrate Judge's May 5, 2005 Order and May 12, 2005 Order.


**IT IS SO ORDERED** this _____*13th*_____ day of June, 2005.


BERNICE BOUIE DONALD
UNITED  STATES  DISTRICT  JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 538 in case 2:02-CR-20165 was distributed by fax, mail, or direct printing on June 16, 2005 to the parties listed.

---

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Glenn Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Michael R. Koblenz
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

David W. Kenna
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Robert W. Ritchie
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Stephen Ross Johnson
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901--112

Wade V. Davies
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

David E. Wilson
MCKAY CHADWELL, PLLC
600 University
Ste 1601
Seattle, WA 98101

Robert G. Chadwell
MCKAY CHADWELL PLLC
600 University St.
Ste. 1601
Seattle, WA 98101

Honorable Bernice Donald
US DISTRICT COURT